BRYAN, Judge,
concurring in part and dissenting in part.
I concur insofar as this court affirms the judgment awarding the mother a child-support arrearage, denying the father’s motion seeking leave to amend his coun *524 terclaim, denying the father’s claim seeking a credit for pendente lite child support that he had paid, denying his claim seeking joint legal custody of the child, and awarding the mother an attorney’s fee. However, I dissent insofar as this court affirms the judgment imputing income to the father in the amount of $7,414 per month.
The evidence established that the father incurs significant living expenses, totaling approximately $7,400 per month. Although the father testified that he pays those expenses partially from funds derived from D.S. Homes’ business account, he also stated that he obtains funds from a home-equity loan on his primary residence. Moreover, there is no substantial evidence indicating that D.S. Homes had earned a monthly net income of $7,414, that the father had received in-kind payments totaling $7,414 a month, or that the father has the ability to earn a monthly income of $7,414. Although Rule 32(B)(5), Ala. R. Jud. Admin., requires a court to impute income to a parent when it determines that that parent is voluntarily unemployed, the amount of income a court imputes must be supported by substantial evidence. Because there is no substantial evidence to support the juvenile court’s judgment as to the amount of income imputed to the father, I dissent insofar as the juvenile court imputed to the father a monthly income of $7,414. See Brown v. Brown, 960 So.2d 712, 716 (Ala.Civ.App.2006) (reversing the judgment imputing income to a self-employed parent who was the sole shareholder of a business when there was no evidence of the net income of that parent’s business); see also G.B. v. J.H., 915 So.2d 570, 576-77 (Ala.Civ.App.2005) (Bryan, J., concurring in part and dissenting in part).
MOORE, J., concurs.